No. 82-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

JOHN A. DAVIS (FATAL)
VIVIAN MARIE DAVIS,

      Claimants and Respondents,

  vs.

GEORGE W. JONES, Employer and
MOUNTAIN WEST FARM BUREAU MUTUAL
INSURANCE COMPANY,

      Defendants and Appellants.

---

Appeal from: Workers' Compensation Court
      Honorable Tim Reardon, Judge presiding.

Counsel of Record:

  For Appellants:

  Utick, Grosfield & Uda, Helena, Montana

  For Respondents:

  Joseph C. Engel III, Butte, Montana

---

      Submitted on briefs: February 3, 1983

         Decided: April 14, 1983

Filed: APR 14 1983

_Ethel M. Harrison_
         Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The insurer appeals from an order issued by the Workers' Compensation Court granting claimant a waiver of the twelve-month filing requirement in section 39-71-601(1), MCA.

On February 15, 1980, the claimant's husband, a ranch hand, became unconscious while chopping a hole in some ice. His employer, George Jones, suggested that the husband go home and see a doctor. The husband went to see some friends and returned home at about 9 30 p.m. that evening. He later died at home of a heart attack.

On February 17, 1980, the claimant went to the employer for her husband's last paycheck. The employer gave the claimant her husband's last check plus a two hundred dollar bonus. While they were discussing possible insurance coverage, the employer told claimant that he had no responsibility because the husband had died at home.

Claimant did not become aware of possible workers' compensation coverage until one year later, February 17, 1981, while talking with her attorney on a separate matter. On February 20, her attorney sent a letter to the Workers' Compensation Division (Division), stating the facts surrounding her husband's death and seeking a settlement. On April 1, 1981, about one year and six weeks after her husband's death, claimant filed a claim with the Division.

After a hearing, the hearing examiner for the Division concluded that the insurer and employer were equitably estopped from asserting the one-year filing requirement because the employer had denied any responsibility and because claimant had detrimentally relied on his representation. The case was then heard before the Division which reversed the hearing examiner's conclusion, and barred claimant from asserting her claim because of her failure to file within one year. The Division stated that the claimant's own testimony supported neither equitable estoppel, nor the conclusion that the employer prevented the claimant

from filing in a timely manner.

The Workers' Compensation Court reversed the Division's conclusion. The Court looked to the six elements of equitable estoppel and concluded that the Division had made an error of law. Claimant was then granted a waiver of the one-year filing requirement.

The sole issue on appeal is whether the doctrine of equitable estoppel should be applied to estop the insurer and employer from asserting a statute of limitations defense.

Section 39-71-601(1), MCA, requires the filing of a workers' compensation claim within one year from the happening of the accident. The doctrine of equitable estoppel applies where an employer or insurer has taken some positive action which either prevents claimant from filing a timely claim or leads him reasonably to believe he need not file such a claim. Ricks v. Teslow Consolidated (1973), 162 Mont. 469, 512 P.2d 1304. Equitable estoppel is a flexible principle which should be applied when an employer or insurer misleads a claimant by foisting onto the claimant a misinterpretation of the Workers' Compensation Act. Levo v. General-Shea-Morrison (1955), 128 Mont. 570, 280 P.2d 1086.

Six essential elements make up the doctrine of equitable estoppel:

"Generally speaking, the following are the essential elements which must enter into and form a part of an equitable estoppel in all of its applications: '1. There must be conduct -- acts, language, or silence -- amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. * * * 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act

- 3 -

> upon it in such a manner as to change his
> position for the worse in other words, he
> must so act that he would suffer a loss if he
> were compelled to surrender or forego or alter
> what he has done by reason of the first party
> being permitted to repudiate his conduct and
> to assert rights inconsistent with it. . .'"

Lindblom v. Employers' Liability Assurance Corp. (1930), 88 Mont. 488, 494, 295 P. 1007, 1009, cited with approval in Ricks, supra, Frost v. Anaconda Co. (1982), _____ Mont._____, 645 P.2d 419, 39 St.Rep. 879, and Devlin v. Galusha, Higgins & Galusha (1982), _____ Mont._____, 655 P.2d 979, 39 St.Rep. 2378.

The Workers' Compensation Court carefully considered and applied each one of the above elements. The Court found that the employer had misrepresented a material fact, i.e., that the place of the husband's death precluded his responsibility for payment of compensation insurance benefits. Knowledge of the facts were imputed to the employer, because the employer was held to a higher standard of knowledge than the employee. See Levo, supra. The claimant did not know the misrepresentation was not true. The surrounding circumstances were such that it was natural and probable for claimant to act upon the misrepresentation. Claimant relied to her detriment on the employer's representation by not making further inquiries and by failing to file her claim within one year.

We agree with the above conclusions of the Workers' Compensation Court. The employer's misrepresentation created the reasonable belief in the claimant that the employer was not responsible for any insurance compensation benefits. Equitable estoppel was therefore properly used to bar the employer and insurer from asserting a statute of limitations defense.

The order of the Workers' Compensation Court is affirmed.

_____
Justice

- 4 -

We concur:

_John Conway Harrison_

_Jack S. Marnon_

_____

_John C. Sheehy_
Justices