**In re Michael E. MALEK, Debtor.**

**Bankruptcy No. 83–01719–G.**

United States Bankruptcy Court, E.D. Michigan, S.D.

May 18, 1983.

Asher Rabinowitz, Todd M. Halbert, Honigman, Miller, Schwartz & Cohn, P.C., Detroit, Mich., for debtor.

Louis P. Rochkind, Jaffe, Snider, Raitt & Heuer, P.C., Detroit, Mich., for Norman J. Stricof, C.P.A.

## ORDER DISAPPROVING DEBTOR'S DISCLOSURE STATEMENT

RAY REYNOLDS GRAVES, Bankruptcy Judge.

The above-entitled cause came before the Court on Monday, May 16, 1983, for a hearing on the Debtor's disclosure statement. Pursuant to 11 U.S.C. § 1125(a)(1) and (b) the Court rejects and denies approval of the Debtor's disclosure statement for its failure to provide adequate information as defined by the Bankruptcy Reform Act of 1978.

The Debtor, filing his Chapter 11 petition as an individual, is nonetheless bound by the requirements of 11 U.S.C. § 1125(a)(1) and must provide a disclosure statement in conformity with the letter and spirit of the Code. The Debtor is required, at a minimum, to provide a disclosure statement containing the following information:

## A. DESCRIPTION OF BUSINESS

The Debtor must furnish information describing the nature of the business being reorganized under Chapter 11. This analysis must include the competitive conditions in the industry and the Debtor's role in that industry. He must disclose whether or not he is dependent upon one or more customers or clients. Where the Debtor is a licensed professional whose income is derived from providing services that are billed on an hourly rate, the Debtor must provide information giving the creditor a good faith estimate of the number of clients, the anticipated services, the hourly rate, and the anticipated annual billings that will provide the source of his income. The Chapter 11

Debtor should provide a description of the service to be rendered, location of principal and branch offices, employee staff and payroll, salaries of officers and directors. Any special property interests, such as patents, trademarks, licenses, or franchises should be disclosed and described.

### B. A HISTORY OF THE DEBTOR PRIOR TO FILING

The Chapter 11 Debtor should describe, in detail, his activities before filing, including the reasons for filing the Chapter 11. This history should be provided in a neutral, objective and noninflammatory manner. Litigation issues are to be described in an objective professional tone, free of any mischaracturizations of the issues to be resolved in such litigation. Where possible, the Debtor should provide an evaluation of the probable success of any litigation and its effect on the Debtor's business or his plans for reorganization under Chapter 11.

### C. FINANCIAL INFORMATION

The Debtor must provide a statement of assets and liabilities together with a profit and loss analysis prior to the filing of his Chapter 11 petition. The Debtor must also provide financial information sufficient to inform the creditors of all liens, encumbrances, security interests, loans or other financial obligations which may impair the Debtor or his assets.

### D. DESCRIPTION OF THE PLAN

The plan of reorganization must be described in sufficient detail to give the creditors enough information to determine how their rights will be affected.

### E. HOW THE PLAN IS TO BE EXECUTED

### F. LIQUIDATION ANALYSIS

### G. MANAGEMENT TO BE RETAINED AND THE COMPENSATION OF THE PERSONNEL RETAINED

### H. PROJECTION OF OPERATIONS

The Debtor should provide the projection of operations subsequent to confirmation so that the Court may determine the feasibility of the plan. The Debtor is required to make a full, clear, and complete disclosure of all underlying assumptions. The Debtor must provide sufficient financial information to determine if the projections for operations subsequent to confirmation are feasible. If the plan assumes an increase in income, the basis for this assumption must be set forth. If the future operations contain a risk of loss of income or anticipated financial instability, the factors that may cause a loss or diminution of income should be set forth.

### I. LITIGATION

All pending or contemplated litigation of whatever nature must be described fully, completely, and in detail. Trial dates, where known, must be disclosed. Appeals, filed or contemplated, must be disclosed. The disclosure statement must include a professional evaluation of the probable success of any pending or contemplated litigation.

### J. TRANSACTIONS WITH INSIDERS

The disclosure statement must describe fully, completely, and in detail all transactions within insiders. If there are no such transactions Debtors must so state.

### K. TAX CONSEQUENCES

The disclosure statement must reveal the probable tax consequences if the Chapter 11 plan is confirmed. If there are no tax consequences, the disclosure statement must contain an affirmative statement of that fact.

The Court grants the objection of Stricoff and Okray to the disclosure statement for the statement's failure to provide the information set forth in this Order.

The Code requires that adequate information be present in the disclosure statement and be of such a nature that parties be able to reach an informed judgment about the plan. Without information

sufficient to allow parties voting on the plan the opportunity to arrive at an independent and informed judgment, the disclosure statement cannot be approved. *In re East Redley Corporation,* 16 B.R. 429, 430 (Bkrtcy.Pa.1982); *In re Civitella,* 15 B.R. 206 (Bkrtcy.Pa.1981); *In re New Haven Radio Inc.,* 18 B.R. 977, 979 (Bkrtcy. Conn.1982). *See also* Note *Disclosure of Adequate Information in a Chapter 11 Reorganization,* 94 HARV.L.REV. 1808, 1823 (1981).

IT IS ORDERED that the disclosure statement filed on behalf of the Debtor be and same hereby is rejected.