No. 89-66

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

MARIE MELLEM,

Claimant and Appellant,

-vs-

KALISPELL LAUNDRY & DRY CLEANERS,
Employer,
and

STATE COMPENSATION INSURANCE FUND,

Insurer and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court,
The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allan M. McGarvey; McGarvey, Heberling, Sullivan and
McGarvey, Kalispell, Montana

For Respondent:

Steven J. Shapiro, Chief Legal Counsel and Charles
Adams, Legal Counsel, Div. of Workers' Compensation,
Helena, Montana

---

Submitted on Briefs:  April 27, 1989

Decided:  June 1, 1989

Filed:

_____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal concerns the requirements for perfecting an appeal to the Montana Workers' Compensation Court under the terms of the Montana Occupational Disease Act (MODA). Marie Mellem appeals from the court's order dismissing her appeal for failure to comply with the jurisdictional requirements of MODA. We reverse and remand with instructions.

Mellem presents three issues for review:

1. Did Mellem fail to perfect an appeal to the Workers' Compensation Court because her request for rehearing was denominated "Statement of Exceptions"?

2. Did the Workers' Compensation Court abuse its discretion by dismissing Mellem's appeal without granting leave to seek rehearing and later application for appeal?

3. Has Mellem been denied due process of law by the procedural errors of the Division of Workers' Compensation and the Workers' Compensation Court?

Mellem was employed by a Kalispell laundry from 1981 until 1986. She suffers from severe chronic obstructive pulmonary disease along with chronic pneumonia. Mellem alleges that her lung problems are due in part to her exposure to certain fumes and particles while employed at the laundry. She filed a claim for occupational disease benefits with the State Compensation Insurance Fund, which denied liability. Mellem's claim was then referred to the Division of Workers' Compensation, which in turn referred her to a member of the Occupational Disease Panel for medical examination.

Based on the report of the medical examination, the Division issued an order stating its preliminary determination that Mellem would not be entitled to benefits.

2

Mellem then requested a hearing before the Division, which was held before a Hearing Examiner. After reviewing the record of Mellem's claim, the Hearing Examiner issued his Findings of Fact, Conclusions of Law and Order, finding Mellem not entitled to occupational disease benefits. This document also contained a paragraph entitled "Notice", which reads in part as follows:

> You are hereby notified that you have the right to file exceptions and to present briefs and oral argument to the Administrator of the Division of Workers' Compensation who will decide whether or not to adopt or modify the foregoing Proposed Order.

According to Mellem's brief to this Court, her counsel contacted the Division to verify that the "exceptions" procedure was the same as the "rehearing" procedure required by § 39-72-612, MCA, and was informed that it was in fact the same.

Mellem then filed a Statement of Exceptions with the Division. The Administrator of the Division reviewed the Hearing Examiner's Findings of Fact, Conclusions of Law and Order, as well as the record of Mellem's claim. He then issued a Final Order, which again concluded that Mellem was not entitled to benefits. The Final Order reads in part:

> This Final Order is signed by the Administrator of the Division of Workers' Compensation under the authority of Section 39-72-202, MCA. Any party in interest may appeal this order to the Workers' Compensation Court as provided in Sections 39-71-2401 and 39-72-612, MCA.

Mellem thereafter filed an appeal with the Workers' Compensation Court. The court determined that it lacked jurisdiction to hear Mellem's appeal. According to the

3

court, Mellem had not perfected an appeal, because she had failed to request a rehearing before the Division as required by § 39-72-612, MCA. The court thus felt "compelled, sua sponte, to dismiss" Mellem's appeal, which it did. This appeal followed.

The Workers' Compensation Court began its discussion by reciting the basis of its jurisdiction under MODA, which is defined by § 39-72-612, MCA. The court noted the specific requirement in § 39-72-612 (1), MCA, that in order to perfect an appeal, "the appealing party must request a rehearing before the division." According to the court, a careful review of the record failed to disclose such a request by Mellem.

The Workers' Compensation Court was correct in that its jurisdiction is statutorily defined in § 39-72-612, MCA, and that the record in Mellem's case does not conform strictly to that statute. There is no document entitled "Request for Rehearing" to be found in the file. However, the reason for the absence of such a request appears on the face of the two Division orders quoted above. The court noted that the record of this case showed "some confusion over procedures before the Division." The court cited as examples the improper labelling of orders issued by the Division, which contained instructions for procedures not discussed in MODA. The court concluded that these variations were in form only, and did not affect Mellem's entitlement to an appeal. We disagree.

This situation has not been addressed by this Court under MODA. However, we have held in similar situations under the statute of limitations in the Workers' Compensation Act that where misstatements by an employer or insurer prevent a claimant from filing a Workers' Compensation claim in a timely fashion, or mislead the claimant into believing

4

that no claim can or need be filed, the doctrine of equitable estoppel applies to toll the limitation period and allow filing of the claim. Davis v. Jones (1983), 203 Mont. 464, 661 P.2d 859. The doctrine is equally applicable to the facts in this case, as is the maxim "No one can take advantage of his own wrong." Section 1-3-208, MCA.

There are essentially six elements to equitable estoppel:

> "1. There must be conduct--acts, language, or silence--amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. ... 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse...."

Davis, 661 P.2d at 861 (quoting Lindbolm v. Employers' Liability Assurance Corp. (1930), 88 Mont. 488, 494, 295 P. 1007, 1009).

As to the first element, the conduct at issue here is reflected in the language of the Division's orders. The Hearing Examiner's order stated that Mellem could file exceptions with the Division. Mellem's counsel asserts that he contacted the Division to confirm that the "exceptions" procedure was the same as the "rehearing" procedure, and was told that it was in fact the same. While this statement is not disputed in the Division's brief to this Court, assuming it to be untrue does not negate the Division's conduct. It

5

is apparent from the face of the Division Administrator's Final Order that the Division considered a request for rehearing to have been made.

The second element of estoppel is also present. Knowledge of the proper procedures under MODA can certainly be imputed to the Division. The third element is evident from the course of conduct of Mellem's attorney and the Division. Mellem's attorney could not have known that the Division did not treat an exceptions procedure as a rehearing procedure, especially given the Division's continued conduct as if proper procedures were being followed. The fourth element is evident from the fact that the Division's conduct took the form of orders. There was clearly an expectation that Mellem's counsel would act in accordance with those orders. The fifth and sixth elements are self-evident. This opinion is the result of Mellem's detrimental reliance on the Division's conduct.

The Division cannot now be heard to argue that Mellem's counsel was on notice of the statutory requirements for perfecting an appeal to the Workers' Compensation Court, and therefore at fault for the appeal's dismissal. The Division is estopped from doing so by its own actions. Taking that position also violates the maxim quoted above.

We therefore reverse the decision of the Workers' Compensation Court dismissing Mellem's appeal, and remand with instructions to return the case to the Division to afford Mellem the opportunity to perfect her appeal in accordance with § 39-72-612, MCA.

_R. C. McDonough_
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison

_____
L. C. Gulbrandson

_____
John C. Sheehy

_____
William E. Hunt Sr.

_____
Fred J. Weber
Justices

7