No. 91-521

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

HERBERT SHELLEY,

               Claimant and Appellant,

-vs-

UNITED STATES FIDELITY AND GUARANTY
COMPANY, FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY, VALLEY CHIROPRACTIC
CENTER, DR. JOHN E. FRANCIS,

               Defendants and Respondents.

**FILED**

APR 2 - 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Herbert Shelley, Pro Se, Bigfork, Montana

      For Respondents:

      Robert Sheridan; Garlington, Lohn & Robinson,
      Missoula, Montana

                 Submitted on Briefs: February 20, 1992

                         Decided: April 2, 1992

Filed:

—————————————————————
          Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Herbert Shelley (Shelley) appeals from the judgment of the Workers' Compensation Court which dismissed his appeal based on a failure to timely file.

The issue is whether the Workers' Compensation Court erred when it determined that it lacked jurisdiction over the matter based on failure to timely file an appeal. We reverse.

Shelley, after being injured in 1986, was treated by a chiropractor, Dr. John E. Francis (Francis) during 1989 and 1990. On June 4, 1990, respondent United States Fidelity & Guaranty (USF&G) denied payment for the services rendered by Francis for reasons not the subject of this appeal. On November, 16, 1990, after a hearing on the matter, Gordon Bruce (Bruce), a Hearing Examiner for the Department of Labor and Industry, determined that Francis was not entitled to payment for treating Shelley and dismissed the action. In rendering his decision, Bruce informed appellant of the appeal deadline in his Findings of Fact and Conclusions of Law as follows:

> Notice: This order is signed by the Hearing Examiner of the Department of Labor and Industry under authority delegated by the Commissioner. Any party in interest may appeal this order to the Workers' Compensation court within Thirty (30) working days after the date of mailing of this final order as provided in Section 24.29.207(7) and 24.29.215(3) ARM. [Emphasis added.]

Shelley wrote the Workers' Compensation Court to initiate the appeal process on December 26, 1990. USF&G insists that Shelley's option to appeal expired December 19, 1990, thirty days from the date of the mailing of the final order according to 24.29.215, A.R.M., not thirty working days as stated by Bruce in the above quote.

2

Accordingly, USF&G opposed the appeal on the grounds of untimely filing. The Workers' Compensation Court granted USF&G's motion for dismissal on August 28, 1991. Shelley appeals to this Court.

This appeal centers around one important point: the error of the Department of Labor and Industry. We previously addressed an error of similar nature in Mellem v. Kalispell Laundry (1989), 237 Mont. 439, 774 P.2d 390. In Mellem, the Division of Workers' Compensation (now an entity renamed under the Department of Labor and Industry, hereinafter referred to as the Department), misinformed a claimant of her appeal rights and procedures. We held that the doctrine of equitable estoppel prohibited the Department from denying her appeal based on failure to comply with filing requirements. Mellem, 237 Mont. at 442, 774 P.2d at 391. In essence, we extended the doctrine of equitable estoppel to cover situations involving misrepresentations made by the Department.

> [W]e have held in similar situations under the statute of limitations in the Workers' Compensation Act that where misstatements by an employer or insurer prevent a claimant from filing a Workers' Compensation claim in a timely fashion, or mislead the claimant into believing that no claim can or need be filed, the doctrine of equitable estoppel applies to toll the limitation period and allow filing of the claim. Davis v. Jones (1983), 203 Mont. 464, 661 P.2d 859. The doctrine is equally applicable to the facts in this case, as is the maxim "No one can take advantage of his own wrong." Section 1-3-208, MCA.

Mellem, 237 Mont. at 442, 774 P.2d at 391-92. We reversed the Workers' Compensation Court with instructions to grant the claimant's appeal in Mellem. Accordingly, we arrive at the same conclusion in the case at bar under the doctrine of equitable estoppel. Equitable estoppel contains six elements:

3

"1. There must be conduct--acts, language, or silence-- amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. . . 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse . . ." Davis, 661 P.2d at 861 (quoting Lindbolm v. Employers' Liability Assurance Corp. (1930), 88 Mont. 488, 494, 295 P. 1007, 1009).

Mellem, 237 Mont. at 442, 774 P.2d at 392.

In the case at bar, Shelley received, by mail, the Hearing Examiner's findings of fact and conclusions of law on November 19, 1990, three days after they were signed and dated November 16, 1990. Shelley appealed to the Workers' Compensation Court on December 26, 1990, within the thirty working day time-frame. USF&G asserts that Shelley's appeal right expired on December 19, 1990. We disagree and conclude that the six elements of equitable estoppel are present. The Department is estopped from claiming that Shelley's appeal was untimely since the Department misinformed him regarding the appeal time-frame.

It is also apparent from the Administrative Rules of Montana dealing with the Office of Workers' Compensation Judge, that there is authority to grant exceptions for noncompliance. Section 24.5.350 (2), A.R.M. states that "Service deadlines for filing an appeal are as follows . . . (c) from all other proceedings within thirty days of service of the final order of the department of labor and industry."

4

The section immediately preceding reads:

> [T]he court may, in its discretion and in the interests of justice, waive irregularities and noncompliance with any of the provisions of this subchapter.

24.5.349, A.R.M.

We conclude that a failure to timely file an appeal is noncompliance within the context of 24.5.349, A.R.M., and therefore, an extension of time for appeal is properly entertained by the Workers' Compensation Judge. This is particularly true in the case at bar since the Hearing Examiner misinformed the claimant and led him to believe that he had thirty working days to file an appeal. In view of the circumstances, the court cannot now claim that Shelley's appeal is untimely when the Department itself is the reason for Mr. Shelley's untimeliness. We conclude that the Workers' Compensation Court could have corrected the error via its discretionary powers.

Additionally, we point out that the Workers' Compensation Court, in dismissing Shelley's appeal, stated that it strictly enforces appeal deadlines and that "no authority exists whatsoever which provides for an appeal to the Workers' Compensation Court to be filed within 30 working days from the Division's notice of final order." (Emphasis in original.) The court further said that "[t]here is no good faith exception to the mandatory 30-day appeal period. . . ." However, a recent opinion from the Workers' Compensation Court indicates that the court does recognize exceptions. McColley v. Laborers' Local 98 & State Comp. Fund (1990), WCC No. 9001-5699, Vol. XI No. 770. In McColley, the court said;

> The [Workers' Compensation] Court recognizes the requirement of the filing deadline and its importance and that

5

exceptions must be carefully considered.

McColley, Vol. XI No. 770, pg 2.   In McColley, there was confusion over when the claimant's letter of appeal actually reached the Workers' Compensation Court.   Under those circumstances the court refused to dismiss the appeal as untimely.

Absent an abuse of discretion, a discretionary ruling will not be overturned. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-604.  Under the facts in the case at bar, we hold that the Workers' Compensation Court abused its discretion when it dismissed Shelley's appeal for lack of jurisdiction based on an untimely appeal.   Accordingly, we remand to the Workers' Compensation Court with instructions to hear the matter as a proper and timely appeal.   Reversed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

6

April 2, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Herbert Shelley
250 Williams Lane
Big Fork, MT 59911


Department of Labor and Industry
Legal Services Division
P.O. Box 1728
Helena, MT 59624

Robert Sheridan
Garlington, Lohn & Robinson
P.O. Box 7909
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy