No. 95-228

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

FILED

JAN 09 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE ESTATE OF MICHAEL WILLIAM GOICK,

Deceased.

APPEAL FROM:   District Court of the Seventeenth Judicial
District, In and for the County of Blaine,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Dan L. Spoon and Patrick J. McHugh,
Reep, Spoon & Gordon, Missoula, Montana

For Respondent:

Keith A. Maristuen, Bosch, Kuhr, Dugdale,
Martin & Kaze, Havre, Montana

Guardian Ad Litem:

David G. Rice, Attorney at Law,
Havre, Montana

Submitted on Briefs:   December 7, 1995

Decided:   January 9, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

This is an appeal of an order of the Seventeenth Judicial District Court, Blaine County, granting summary judgment in favor of Barbara Goick, appointing Barbara as a supervised personal representative of decedent Michael Goick's estate, approving the distribution agreement between Barbara and the decedent's children, and denying appellants' motion to compel settlement of the case. We affirm.

We restate the issues as follows:

1. Do the appellants, decedent's mother, brother, and sister, lack standing to appeal?

2. Did the District Court err when it granted summary judgment in Barbara's favor concluding that she was the surviving spouse for purposes of intestate succession?

3. Did the District Court err when it appointed Barbara as personal representative of decedent's estate?

4. Did the District Court err in denying the appellants' motion to compel settlement of the case?

5. Is Barbara entitled to an award of attorney fees and costs related to this appeal?

## FACTS

Michael and Barbara Goick were married in 1981 and the marriage produced three children. In December 1990, Michael filed a petition for dissolution. A hearing in the dissolution proceeding was scheduled for April 25, 1991. At that hearing, Michael and Barbara agreed to all issues except the division of

2

household goods, which the parties were to settle within two weeks. The District Court Judge then had the parties present sufficient evidence to support a decree of divorce.

Following the hearing, the judge was apparently asked whether Barbara and Michael were divorced and he responded that they were. The parties were unable to agree on the division of the household goods and, on December 25, 1991, Barbara filed a motion to divide personal property of the marriage. In the motion, she stated her understanding was that the marriage had been dissolved on April 25, 1991, by the District Court. On December 19, 1991, the District Court Judge wrote a memorandum to the attorneys informing them that it was his understanding the parties had refused to sign the settlement agreement negotiated at the April 25 hearing and that he intended to hold the parties to that agreement. On January 7, 1992, Michael's attorney filed an application for withdrawal of attorney to which Michael consented. No further proceedings occurred in the divorce action and no final decree or order was issued. Michael died on November 30, 1992. Two days after his death, Barbara moved to dismiss the divorce proceeding for the reason that Michael had died. On December 3, 1992, an order was issued dismissing the divorce action.

On December 7, 1992, Barbara filed a petition for adjudication of intestacy, determination of heirs, and appointment of personal representative (PR). In the petition, she claimed she was the surviving spouse and was entitled to an appointment as PR. Michael's mother, brother, and sister (the appellants) filed an

3

objection to the petition, claiming Barbara was not the surviving spouse, but rather the ex-wife of Michael. The court appointed a guardian ad litem for the children. Barbara filed a motion for summary judgment asking the court to determine that she was the surviving spouse of Michael. The appellants filed a motion for summary judgment asking the court to find that Barbara was not Michael's surviving spouse.

Subsequent to the summary judgment motion being decided, the attorneys for Barbara and the appellants, and the guardian ad litem, reached an oral settlement agreement on the telephone. That agreement was never written or signed by the parties. On August 2, 1994, the appellants filed a motion to compel a settlement, claiming that a binding agreement had been reached in the telephone conference. Barbara and the guardian ad litem objected to the motion because the oral agreement had never been approved by the parties. On October 24, 1994, the District Court issued an order denying the appellants' motion to compel settlement. The appellants filed a motion for reconsideration, which was denied.

On January 27, 1995, a distribution agreement was entered into between Barbara and the children through their guardian ad litem as the only potential heirs of Michael. A notice of distribution agreement was filed, and the appellants filed an objection to the agreement. The District Court approved the agreement on March 21, 1995. The appellants filed a motion asking the court to reconsider the distribution agreement, and the court ordered oral argument.

4

On April 4, 1995, following the hearing, the District Court issued an order granting Barbara's motion for summary judgment on the issue of her status as a surviving spouse, approving the distribution agreement, and appointing Barbara as a supervised personal representative. From that order and the denial of their motion to compel settlement, appellants appeal.

## ISSUE 1

Do the appellants, decedent's mother, brother, and sister, lack standing to appeal?

Barbara claims the appellants have no standing to appeal. The record does not support Barbara's contention that she objected to the appellants' standing in District Court. However, as we noted in Grossman v. Dept. of Natural Resources and Conservation (1984), 209 Mont. 427, 437, 682 P.2d 1319, 1324, objections to standing cannot be waived. Therefore, Barbara is not precluded from raising this defense for the first time on appeal. See Stewart v. Board of County Comm'rs (1977), 175 Mont. 197, 204, 573 P.2d 184, 188.

The appellants have appealed three separate issues to this Court and it is necessary to examine their standing as to each issue. A party aggrieved may appeal an order. Rule 1, M.R.App.P. To be aggrieved, a party must have an interest in the subject matter of the litigation which is injuriously affected by the order. Holmstrom Land Co. v. Newlan Creek Water Dist. (1979), 185 Mont. 409, 425, 605 P.2d 1060, 1069 (citing Estate of Stoian (1960), 138 Mont. 384, 357 P.2d 41).

5

## Appointment of Barbara as PR

Barbara contends that appellants were not heirs to the estate, and so, they could not be injured by Barbara's appointment as PR. The appellants claim they have standing because they are creditors of the estate. In fact, Michael's mother, Wanda Goick, is the only appellant who filed a creditor's claim against the estate. As a creditor, Wanda has priority for appointment as PR if Barbara is determined to be ineligible. See § 72-3-502, MCA. Section 72-3-503, MCA, provides that creditors can object to the appointment of a PR. Wanda objected to Barbara's appointment as PR, and for that reason she has standing to appeal the appointment. Michael's brother and sister are neither creditors nor heirs of the estate, and therefore, they have no standing to appeal her appointment as PR. See Olson v. Dept. of Revenue (1986), 223 Mont. 464, 469-70, 726 P.2d 1162, 1166.

## Enforcement of Distribution Agreement

The appellants raise the issue of whether enforcement of the distribution agreement was in error and Barbara argues that they lack standing to challenge the agreement. Under this agreement, Barbara agreed to receive a distribution of one-third of the estate, and the children agreed, through their guardian ad litem, to receive two-thirds of the estate which will be administrated by a corporate trustee.

The distribution agreement provided that Barbara and the children's guardian ad litem agreed

> to enter into a private agreement among successors as to distribution of an estate, pursuant to Section 72-3-915,

6

MCA, in order to settle the litigation in the probate matter pending in Blaine County District Court and to provide for a different distribution than provided under the laws of intestacy.

Section 72-3-915(1), MCA, provides as follows:

Subject to the rights of creditors and taxing authorities, competent successors may agree among themselves to alter the interests, shares, or amounts to which they are entitled under the will of the decedent or under the laws of intestacy in any way that they provide in a written contract executed by all who are affected by its provisions. The personal representative shall abide by the terms of the agreement subject to his obligation to administer the estate for the benefit of creditors, to pay all taxes and costs of administration, and to carry out the responsibilities of his office for the benefit of any successors of the decedent who are not parties.

The appellants are not successors to the estate and so they are not proper parties to an agreement distributing the estate. They have no legal interest in the distribution of Michael's estate. Furthermore, Wanda's interests as a creditor of Michael's estate are completely provided for by statute.

A party has no standing where there is no personal stake in the outcome of the controversy. Northern Border Pipeline Co. v. State (1989), 237 Mont. 117, 129, 772 P.2d 829, 836 (citing Olson, 726 P.2d at 1166). The appellants have no personal stake in the validity of the agreement. We therefore conclude that the appellants have no standing to claim the distribution agreement was improper. Accordingly, the issue of whether the District Court erred in approving the distribution agreement is not properly before us.

7

## Enforcement of Oral Settlement Agreement

Barbara contends the contested oral settlement agreement was a distribution of the estate to which appellants have no interest. Accordingly, she argues they have no standing to appeal the court's denial of a motion to enforce this agreement. The appellants, however, were parties to the contested settlement agreement and the agreement named Wanda as co-PR and awarded her a percentage of the estate in excess of what she would receive as a creditor. The appellants are directly affected by the validity of the agreement and thus have standing to appeal this issue. See Holmstrom, 605 P.2d at 1069.

## ISSUE 2

Did the District Court err when it granted summary judgment in Barbara's favor concluding that she was the surviving spouse for purposes of intestate succession?

Wanda, as the sole appellant with standing to litigate this issue, claims that both Barbara and Michael considered themselves divorced and in the April 25, 1991, hearing the District Court Judge informed the parties that they were divorced, even though no final order was ever issued. The District Court held a hearing on this issue in the probate proceeding and concluded that a divorce decree cannot be based on an oral agreement. The court further concluded that Barbara was the surviving spouse for purposes of intestate succession and granted summary judgment in her favor.

The standard we use to review a district court's grant of summary judgment is the same as that used by the district court in

8

applying Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (Mont. 1995), 900 P.2d 901, 903, 52 St. Rep. 699, 700. Summary judgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Bruner, 900 P.2d at 903.

Section 72-2-103(2)(c), MCA (1991), provides that "a person who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights" is not a surviving spouse of decedent. Wanda claims the April 25, 1991, proceeding conveyed and implied that Barbara and Michael were divorced, thereby "purporting" to terminate all marital property rights. Wanda contends that according to § 72-2-103(2)(c), MCA (1991), Barbara is not a surviving spouse for the purposes of intestacy.

There was no divorce decree or order issued from the April 25, 1991, proceeding, nor was a final settlement even reached as to all marital property rights. Recently, in In re Marriage of Simms (1994), 264 Mont. 317, 871 P.2d 899, we concluded that an oral settlement agreement is not binding on a judge. Whatever settlement was reached in the April 25, 1991, proceeding was merely an oral agreement between the parties and cannot be considered the equivalent of an order where no final order was issued. Accordingly, Barbara's status as a surviving spouse was not terminated pursuant to § 72-2-103(2)(c), MCA (1991).

Wanda further contends principals of equitable estoppel prevent Barbara from claiming that she is the surviving spouse in

9

regard to Michael's estate when she has held herself out as being divorced from Michael for over one and one-half years prior to his death. Equitable estoppel requires that:

> '1. There must be conduct--acts, language, or silence--amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. . . . 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse, in other words, he must so act that he would suffer a loss if he were compelled to surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it. . . .'

Davis v. Jones (1983), 203 Mont. 464, 467, 661 P.2d 859, 861 (quoting Lindblom v. Employers' Liab. Assur. Corp. (1930), 88 Mont. 488, 494, 295 P. 1007, 1009).

In this instance, equitable estoppel would have required that Barbara's representation that they were divorced was made with the intention or expectation that Michael would act upon the representation. It would also require that Michael relied to his detriment upon the representation and that he not be aware that the divorce was not final. Both parties refused to sign the settlement negotiated at the April 25, 1991, hearing. Michael's attorney for the divorce action testified that Michael did not believe the divorce was final and that Michael insisted upon going to trial.

10

This testimony was uncontradicted. It follows that Michael was aware that the divorce was not final and did not act to his detriment even if Barbara was found to have intentionally misrepresented the facts concerning the status of the divorce.

We conclude that Barbara is not estopped from claiming she and Michael were not divorced. The record is clear that no divorce decree or order was ever issued. We therefore conclude that the District Court did not err in holding that Barbara was the surviving spouse for purposes of intestate succession and granting summary judgment in her favor.

ISSUE 3

Did the District Court err when it appointed Barbara as personal representative of decedent's estate?

Wanda's position is that Barbara should not have been appointed PR because she has obvious conflicts of interest over the estate in regard to the children's interests. She argues that Barbara's claim to the estate is directly adverse to that of the children's because the children would receive the entire estate if not for Barbara's self-interest. For that reason, Wanda contends that Barbara cannot act as a fiduciary of the estate for the benefit of the children. The District Court ordered that Barbara be named PR under the court's supervision and that she not take any substantive action without the court's approval.

We review the appointment of a personal representative according to § 72-3-502, MCA, to determine whether a district court has correctly interpreted the law. Estate of Peterson (1994), 265

11

Mont. 104, 110, 874 P.2d 1230, 1233. If a PR has not been named under will and there are no devisees, the decedent's surviving spouse has priority for appointment. Section 72-3-502, MCA.

As stated in Issue 2, Barbara is Michael's surviving spouse for purposes of intestate succession. Accordingly, she has priority for appointment over Michael's other heirs, the public administrator, and any creditor. See § 72-3-502, MCA. Her appointment was agreed to by the children through their guardian ad litem. Therefore, the District Court was correct when it determined Barbara had priority for appointment. Furthermore, the children's interests are protected in this situation through the court ordered supervision of the estate's administration. We conclude that the District Court did not err in appointing Barbara as PR of Michael's estate.

## ISSUE 4

Did the District Court err in denying the appellants' motion to compel settlement of the case?

The appellants assert that the settlement agreement reached over the phone by the parties' attorneys was an enforceable agreement. Barbara contends that the agreement was merely a tentative oral agreement reached by the attorneys and subject to the parties' approval. The District Court found that counsel agreed to the settlement with the consent of the parties, but concluded the agreement was insufficient to bind the parties in this action.

12

We review a District Court's conclusions of law to determine whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (Mont. 1995), 898 P.2d 680, 686, 52 St. Rep. 529, 533.

Section 37-61-401(1), MCA, provides that an attorney has the authority to bind his client when the agreement has been "filed with the clerk or entered upon the minutes of the court and not otherwise." The settlement agreement in this instance was not filed with the clerk nor was it entered upon the minutes of the court. Furthermore, the object of the oral agreement was to distribute Michael's estate. Distribution agreements are required, pursuant to § 72-3-915(1), MCA, to be in writing. While the appellant's attorney memorialized the agreement in a letter dated June 2, 1994, that letter included terms not agreed upon over the phone. Barbara did not consent to these terms and so the letter did not constitute a written agreement. See § 28-2-102, MCA.

We therefore conclude that the oral agreement was not binding on the parties and hold that the District Court did not err in denying the appellants' motion to compel settlement of the case.

ISSUE 5

Is Barbara entitled to an award of attorney fees and costs related to this appeal?

Barbara claims this appeal is without merit and is mean spirited in nature. Accordingly, she contends she is entitled to an award of attorney fees pursuant to Rule 32, M.R.App.P.

Rule 32, M.R.App.P., states that:

If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

While we cannot be aware of appellants' motive in bringing this appeal, a review of the record demonstrates that the issues raised were based on reasonable grounds.  We therefore conclude Barbara is not entitled to an award of attorney fees.

_____
Justice

We concur:

_____

_____

_____
Justices

14