CHIEF JUSTICE TURNAGE
concurring in part and dissenting in part:
I concur in the result of the majority opinion holding that property owner Tom E. Susanj will not be forced to defend himself in a district court jury trial where he was accused of a tortious act of negligence because thieves entered his property, stole his firearm, and Robert J. Strever, one of the thieves who participated in the theft of Susanj’s firearm, was fatally injured.
I respectfully dissent from the majority opinion holding that, as a matter of law, a property owner owes a legal duty to a thief or a burglar who enters property on a mission of thievery, steals the owner’s property, and then injures himself or another with the stolen loot.
Based upon the following facts, the District Court concluded that Tom E. Susanj did not owe a legal duty to Robert J. Strever:
In the early morning hours of May 3 Steven Cline, age 14, Bowen Racine, age 15, and the decedent Robert J. Strever, burglarized *184 vehicles in the area of Eldorado and Fairvale, near the Par 3 Golf Course, including the Defendant Susanj’s vehicle. Later Thomas Morris, age 16, saw the three and joined them in returning to the Defendant Susanj’s vehicle. Morris took the bag containing the handgun from under the driver’s seat of Susanj’s vehicle. A dispute exists whether Steven Cline grabbed the gun from Morris or whether Morris merely handed it to him, but in any event Cline obtained possession of the gun and later pulled the trigger and the bullet struck Strever in the head resulting in his death.
The District Court, relying on this Court’s precedent in Lencioni v. Long (1961), 139 Mont. 135, 361 P.2d 455; Schafer v. State, Dept. of Institutions (1979), 181 Mont. 102, 592 P.2d 493; and King v. State (1993), 259 Mont. 393, 856 P.2d 954, holding that criminal acts are generally unforeseeable, held that the intervening criminal act of one of the thieves was reasonably unforeseeable and no duty was owed by property owner Susanj to Strever.
Our standard of review of a district court’s conclusion of law is to determine whether the court’s interpretation of the law is correct. In re Estate of Goick (1996), 275 Mont. 13, 909 P.2d 1165. Under the existing decisions of this Court, the District Judge should be affirmed on his conclusion of law that no legal duty was owed by Susanj to Strever; our standard of review requires affirming.
Our prior decisions, which the majority has overruled on this legal point, had established a rule of law that set the public policy we should follow — a policy based on reason and common sense — that our citizens are not required to foresee the acts of thieves and burglars.
Why, then, does the majority reject our existing public policy and write a new public policy establishing that our citizens now owe a legal duty to thieves and burglars, a breach of such duty subjecting them, at a minimum, to the stress, expense and hazard of a jury trial when a thief or burglar steals from their property or home a firearm, or other object that could produce harm, and injures himself or a fellow thief or burglar? Bad public policy.
In overruling our prior precedent and from the ruling in this case, it does not require a crystal ball or a Rhodes Scholar to foresee that innocent citizens will have their homes burglarized, their vehicles entered, their firearms or other possessions stolen, and that in some cases the thieves and burglars will injure themselves or others with the stolen property. The victimized owners will then be hauled into court to defend themselves against a claim of tortious damages.
*185 • In Montana, for reasons of hunting, sport or home protection, many of our citizens own and keep firearms. It will be a real surprise to them to learn that, if they are victimized by a burglar or thief and their firearms are stolen, they may have breached a legal duty and be required to defend themselves in a civil suit for tort damages. Perhaps this decision may be welcomed by those who would ban firearms, as a form of subtle gun control. It is a certainty that the majority of Montanans will not so welcome the majority decision.
I would agree that the owner of a firearm breached a legal duty if he left lying around in his home a loaded firearm, in plain view and accessible to small children lawfully in the home and if one of the children, in handling the firearm, injured himself or another. However, these are not the facts in the case before this Court.
We are here confronted with a roving band of teenage thieves on a mission to break into and steal from several vehicles. The Court’s reliance on Limberhand v. Big Ditch Co. (1985), 218 Mont. 132, 706 P.2d 491, to elevate the status of thieves and burglars to that of an invitee, licensee, or civil trespasser is misplaced.
The facts in Limberhand had nothing to do with criminal acts. In Limberhand, a social guest was visiting a tenant in defendant’s apartment complex. The tenant’s guest was accompanied by her eighteen-month-old child. The child wandered across the apartment parking lot, which separated the apartment complex from an irrigation ditch adjacent to but not on apartment property, and slipped or fell into the ditch, causing the child’s death one day later. The ditch was not fenced from the apartment complex.
In Limberhand, this Court said that § 27-1-701, MCA, relating to duty of landowners, made no distinction between social guests, invitees or persons even though they may be trespassers. However, this was stated in reference to such individuals as civil guests, invitees or trespassers and not as to criminal thieves or burglars. Limberhand had nothing to do with and said nothing about such criminals. Now such criminals are joining the list of those to whom property owners owe a legal duty predicated upon claimed negligence.
I acknowledge that we live in a society in which many innocent people are victims of crime. However, if we have reached a stage in our society in which all of us are under a legal duty to foresee that our homes and property will be burglarized, we as Montanans are indeed living in perilous times.
The majority’s response to the special concurrence and dissent requires a further comment in support of the dissent.
*186 The dispositive resolution of this appeal is found in Issue 2, where this Court’s majority holds that the District Court’s grant of summary judgment to defendant Susanj holding him not liable was proper because of the series of intervening acts including two criminal acts of the thieves and one grossly negligent act. I concur with this holding and dispositive resolution of this case.
This Court has on countless occasions stated in its decisions that issues not necessary to the disposition of an appeal need not and will not be discussed. Advisory and gratuitous statements should not be indulged in by this Court. I can only speculate as to why then, the majority of this Court wrote at great length to establish a new public policy that as a matter of law Susanj, as owner of a firearm, has a legal duty to thieves who have stolen the firearm and that not only Susanj but the general public as well has a like duty to thieves.
One other comment must be made in relation to the majority response to the dissent.
The majority states that trespassing, by definition, is criminal, citing Title 45, Chapter 6, MCA. This statement is not accurate and must be clarified. A civil trespass upon premises or land of another does not without more become a criminal trespass. Privilege to enter or remain upon land is extended by the landowner failing to post notice denying entry onto private land. This privilege may be revoked at any time by personal communication of notice by the landowner to the entering person. Only then does such trespass become a criminal misdemeanor. Section 45-6-201, MCA. Premises is defined in § 45-2-101(58), MCA, as including any type of structure or building and any real property.
The distinction between a civil and criminal trespass is clear under the statutes. To be criminal, the trespass requires the requisite act as well as the criminal state of mind of knowingly.
The type of criminal act in this case has nothing to do with the misdemeanor trespass statute. The criminal acts in this case involved entry into Susanj’s vehicle and theft of his property.
I would affirm the District Court’s conclusion that Susanj could not foresee the criminal act of the thieves and did not breach a legal duty.
JUSTICE ERDMANN joins in the dissent of CHIEF JUSTICE TURNAGE.