No.   91-082

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

HELENA AERIE NO. 16, F.O.E., a Montana corporation,

Plaintiff and Appellant,

-vs-

MONTANA DEPARTMENT OF REVENUE,

Defendant and Respondent.

FILED

DEC 3 - 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Chadwick H. Smith; Smith Law Firm, Helena, Montana.

        For Respondent:

        R. Bruce McGinnis, Department of Revenue, Helena,
        Montana.


                        Submitted on briefs:   September 24, 1991

                                 Decided:
Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Helena Aerie No. 16, F.O.E. (Eagles Club), brought this action for a declaratory judgment that its liquor license is transferable and assignable. On cross-motions for summary judgment, the District Court of the First Judicial District, Lewis and Clark County, ruled that the Department of Revenue (DOR) had properly classified the license as non-transferable and non-assignable and that this action is barred under any statute of limitations. The Eagles Club appeals. We reverse.

The issue is whether the Eagles Club holds a transferable and assignable license to sell alcoholic beverages, and, if so, whether the Eagles Club may apply for and receive a non-transferable and non-assignable all-beverage license as a lodge of a recognized national fraternal organization under § 16-4-201(4), MCA.

The Eagles Club first obtained a beer license in 1934, pursuant to the Beer Act, Ch. 106, L. 1933. In 1937, the Eagles Club was granted a liquor license pursuant to the newly-enacted Retail Liquor License Act, Ch. 84, L. 1937. From 1934 to the present, the Eagles Club has renewed its liquor licenses annually.

In 1947, the legislature enacted a quota law limiting the number of beer and liquor licenses that could be issued in each city or town. Ch. 225 and 226, L. 1947. In 1949, non-transferable and non-assignable beer and liquor licenses granted to certain

fraternal and veterans' organizations were exempted from the quota system:

> the foregoing limitations shall not prevent the granting of non-transferable and non-assignable licenses to posts of nationally chartered veterans' organizations, and lodges of recognized national fraternal organizations, which said national organizations have been in existence for five (5) years or more prior to January 1st, 1949. [Emphasis supplied.]

Ch. 164 and 165, L. 1949. The quota system and the exemption for licenses issued to veterans' and fraternal organizations remain in effect today. Section 16-4-201, MCA.

On March 15, 1961, the Montana Liquor Control Board adopted its regulation 3-23, providing that beer and liquor licenses issued to fraternal and veterans' organizations were not transferable or assignable. The regulation also provided that such organizations could sell liquor and beer only to bona fide members of the organization and their guests. The Benevolent and Protective Order of Elks, Helena Lodge No. 193, brought suit in the District Court of the First Judicial District, Lewis and Clark County, Cause No. 28,573, to challenge regulation 3-23. The District Court held that regulation 3-23 was "unlawful, unenforceable and of no force and effect whatever." That decision was not appealed.

In 1975, the Montana Alcoholic Beverage Code replaced the Beer Act, the Liquor Control Act, and the Retail Liquor Act. The Code replaced the separate licenses previously required with a single all-beverage license. All renewal of licenses issued to the Eagles

3

Club between 1975 and 1989 have been marked with the words "non-transferable and non-assignable as to ownership."

In 1989, the attorney for the Eagles Club wrote the Chief of the Liquor Division Licensing Bureau at the DOR, stating that it appeared the "non-transferable and non-assignable" designation did not apply to the Eagles Club license. The Division stood behind that designation. In May 1990, the Eagles Club filed this action, seeking a declaratory judgment that the designation of its liquor license as non-transferable and non-assignable is contrary to the Fifth Amendment of the United States Constitution and Article II, Section 17, of the Montana Constitution.

On cross-motions for summary judgment, the District Court pointed out that the parties agree that there are no issues of material fact barring summary judgment under Rule 56, M.R.Civ.P. Because whether summary judgment should be granted is, under these circumstances, a question of law, our standard of review is whether the lower court's determination is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

The District Court held that the Eagles Club has been on notice since at least 1975 that the DOR considers its license to be non-transferable and non-assignable and that the time for commencing an action has long passed. But this is a declaratory judgment action, not an action for damages. The DOR's notations on the

4

Eagles Club licenses did not resolve the issue of the licenses' transferability and assignability. More importantly, the Eagles Club has not applied for transfer of its liquor license and transfer has not been refused by the DOR. Only after the Eagles Club applies for transfer of its all-beverage license and the DOR refuses would any applicable statute of limitations begin to run. We conclude that no statute of limitations precludes this action.

The DOR argues that this action is barred by collateral estoppel as the result of the 1964 First Judicial District Court judgment in the Benevolent and Protective Order of Elks case. In that case, the District Court made a finding that the Eagles Club, which was a plaintiff in intervention in the lawsuit, is "the owner and holder of non-assignable retail beer and liquor licenses." The DOR's position is that the Eagles Club is bound by that finding. However, the regulation being challenged, regulation 3-23, itself provided that all licenses held by veterans' and fraternal organizations were nontransferable. The District Court ultimately determined that regulation 3-23 was "unlawful and of no force and effect whatever." We conclude that the existence of the above finding does not bar this action by collateral estoppel.

Furthermore, contrary to the position taken in the dissent, the issues in the two cases are different. The issue in Benevolent and Protective Order of Elks was the validity of the restriction in regulation 3-23 that fraternal organizations could sell liquor only

5

to members and their guests. That is not the issue in the present case. As discussed in the dissent, one element of collateral estoppel is that the issue must be identical to an issue previously decided.

The DOR also asserts that the doctrine of laches bars the Eagles Club from bringing this action. Laches requires a showing that the passage of time has prejudiced the party asserting it or has rendered the enforcement of a right inequitable. Brabender v. Kit Mfg. Co. (1977), 174 Mont. 63, 67-68, 568 P.2d 547, 549. The DOR has made no showing that it has been prejudiced by the passage of time in this case. The DOR's argument that if this action is allowed to proceed, other liquor license holders will suffer harm and the public will lose the protection of the quota system is not persuasive.

We now reach the central issue concerning the nature of the liquor license held by the Eagles Club. All licenses issued under the 1933 Montana Beer Act were transferable on application to the Board of Equalization. Ch. 46, Sec. 15, Extraordinary Legislation of 1933. All liquor licenses issued under the 1937 Retail Liquor License Act were "non-transferable except and only with the consent of the board." Ch. 84, Sec. 8, L. 1937.

The DOR maintains that club licenses issued under the above statutes were transferable only to another club location. It argues that there was no need for transfer of ownership of a

6

license in pre-quota days, because, at that time, there was no limit on the number of licenses issued. However, nothing in either the Beer Act or the Retail Liquor License Act said that a fraternal organization may transfer its liquor or beer license only to another location or, more importantly, only to another fraternal organization or club.

The 1947 legislation limiting the number of beer licenses and liquor licenses that could be issued in each city or town provided that "licenses already issued which are in excess of said limitations and which are of issue on the date of the passage and approval of this act, shall be renewable." Ch. 225 and 226, L. 1947 (emphasis supplied). Chapters 164 and 165, L. 1949, in which the legislature adopted exemptions from quotas for licenses issued to veterans' and fraternal organizations, said nothing about converting licenses previously issued to veterans' and fraternal organizations to non-transferable and non-assignable licenses.

The DOR urges that we apply the principle of granting judicial deference to the interpretation given a statute by the executive agency charged with its enforcement. In this case, that executive agency is the DOR. Such deference is appropriate when the statute is ambiguous. Mont. Tavern Ass'n v. State, Dept. of Revenue (1986), 224 Mont. 258, 265, 729 P.2d 1310, 1316. That is not the case here.

7

We do not find it necessary to reach the constitutional issues raised because we conclude that the DOR's classification of the Eagles Club liquor license conflicts with the applicable statutory authority. Under the statutes in effect at the time the beer and liquor licenses originally were granted to the Eagles Club, those licenses were transferable and assignable, subject to the requirement that approval must be obtained from the Board of Equalization for the transfer of any license. The Eagles Club licenses remained renewable under the 1947 quota law, and the restrictions on transferability of licenses issued to fraternal organizations under Ch. 164 and 165, L. 1949, do not apply. We hold that there has been no showing that the license held by the Eagles Club has lost its original characteristics of being transferable and assignable. We further hold that nothing has been shown that would prohibit the Eagles Club from selling or otherwise disposing of its current liquor license and then applying for a non-transferable and non-assignable all-beverage license pursuant to § 16-4-201(4), MCA.

The decision of the District Court is reversed and the motion of the Eagles Club for summary judgment is granted.

_____
Chief Justice

We concur:

_John Conway Harrison_

_____

_____

_____

_____
Justices

9

Justice William E. Hunt, Sr., dissenting.

I dissent. The majority should have affirmed the District Court because the statute of limitations has long since expired, and because appellant's claim is barred by collateral estoppel and laches. In addition, the majority's opinion undermines the DOR's regulatory authority to restrict the sale and ownership of liquor licenses granted to it by the legislature.

I find the appellant's claim that it had just recently discovered that its license was restrictive to be unconvincing. The Montana Alcoholic Beverage Code was enacted in 1975. Ch. 387, 1975, Mont Laws 786. The code replaced separate beer and liquor licenses with a single all-beverage license. Under this statute, the code required these licenses to be displayed in a prominent area on the premises where the business was being conducted. Since at least 1975, and possibly as far back as 1950, the licenses issued to the Eagles Club received a stamp which stated that the license was nontransferable and nonassignable. Because the Eagles Club received and posted its restrictive license yearly, it was placed on notice that the DOR considered the license to be nontransferable and nonassignable.

With the exception of the tolling statutes, the longest statute of limitation allowed is ten years. Section 27-2-201(1), MCA. For the majority to grant a declaratory judgment on an issue that is at least 16, and perhaps 41, years old is alarming. This far exceeds any statute of limitation set forth in the code. The

10

granting of this declaratory judgment will allow persons to assert antiquated claims with evidence that is stale due to the passage of time.

Appellant's action is also barred by collateral estoppel.

Collateral estoppel bars the relitigation of an issue where the issue is identical to an issue previously decided, a final judgment as to the issue has been rendered, and the party against whom the claim is advanced remains the same or is a privy of the earlier party.

Matter of Unfair Labor Practice No. 38-80 (1986), 222 Mont. 172, 174-75, 720 P.2d 1181, 1182.

In 1964, when the Elks challenged the Montana Liquor Control Board's adoption of Regulation 3-23, the Eagles Club joined the Elks as a plaintiff in intervention. The Eagles Club admitted in its answer to the counterclaim filed by the Liquor Control Board that it had a nontransferable, nonassignable license. In addition, the District Court adopted by reference to the Eagles Club's proposed findings of fact that the club held a nontransferable, nonassignable license. It is clear from the pleadings and the District Court's decision in the Elks case, that the Eagles Club had a nontransferable, nonassignable fraternal license and that the Eagles Club recognized this restriction. If the Eagles Club did not have a fraternal license, but rather had a general retail beer and liquor license which was transferable, it would not have been subject to the rule. Therefore, it would not have been necessary for the Eagles Club to enter the lawsuit as a plaintiff in

11

intervention challenging the rule. Although the District Court declared the regulation unlawful and of no force and effect, its decision did not change the classification of licenses because classification of licenses was based upon statute and not upon the challenged regulation. All of the elements of collateral estoppel were met and summary judgment should have been affirmed by this Court.

Appellant's claim is also barred by laches. This Court has defined laches as:

> [A] creature of equity and means negligence in the assertion of a right. It exists where there has been a delay of such a duration as to render enforcement of the asserted right inequitable.

Castillo v. Franks (1984), 213 Mont. 232, 241, 690 P.2d 425, 429.

The purpose of laches is to discourage stale claims. It allows the court to refuse to intervene in a case where the party asserting the claim has been negligent in prosecuting his rights. Laches is appropriate when a person is aware of his rights yet fails to act. Johnson v. Estate of Shelton (1988), 232 Mont. 85, 90, 754 P.2d 828, 831.

Finally, the statute was sufficiently vague to grant the DOR judicial deference in the interpretation and implementation of liquor licensing law. For these reasons, I would affirm the District Court's granting of summary judgment in favor of the DOR.

_____
Justice

12

December 3, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Chadwick H. Smith
Smith Law Firm
P.O. Box 604
Helena, MT  59624

R. Bruce McGinnis, Tax Counsel
Dept. of Revenue, Office of Legal Affairs
Mitchell Bldg.
Helena, MT   59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy