No. 96-291

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

BILLINGS POST NO. 1634,
VETERANS OF FOREIGN WARS
OF THE UNITED STATES,

Plaintiff and Appellant,

v.

MONTANA DEPARTMENT OF REVENUE,

Defendant and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James P. Healow; Sweeney & Healow, Billings, Montana

For Respondent:

R. Bruce McGinnis, Montana Department of Revenue,
Helena, Montana

Submitted on Briefs: March 20, 1997

Decided:     August 1, 1997
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Billings Post No. 1634, Veterans of Foreign Wars of the United States (VFW), appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on its order granting the Montana Department of Revenue's motion for summary judgment. We affirm.

The VFW raises the following issues on appeal:

1. Did the District Court err in concluding that the Department of Revenue was not equitably estopped from refusing to classify the VFW's current all-beverage license as transferable and assignable and reissue the VFW's lapsed liquor and beer licenses?

2. Did the District Court err in refusing to order the Department of Revenue to classify the VFW's current all-beverage license as transferable and assignable and reissue the VFW's lapsed liquor and beer licenses as a matter of equity?

The material facts in this case are undisputed. The VFW is a Billings, Montana, post of a nationally chartered veterans' organization. It operated a bar under licenses to serve liquor and beer from approximately 1941 through 1974. Prior to 1947, no quota system existed in Montana regarding liquor licensing. In 1947, the Montana legislature enacted a quota law limiting the number of beer and liquor licenses which could be issued for each city or town. See 1947 Mont. Laws Chs. 225 and 226. Two years later, the legislature exempted certain fraternal and veterans' organizations from the quota system limitations on the number of beer and liquor licenses. The exemption provided that

the foregoing limitations shall not prevent the granting of non-transferable and non-assignable licenses to posts of nationally chartered veterans' organizations, and lodges of recognized national fraternal organizations, which said national organizations have been in existence for five (5) years or more prior to January 1st, 1949.

1949 Mont. Laws Chs. 164 and 165. After 1949, the Montana Liquor Control Board and its successor, the Montana Department of Revenue (Department), endorsed the liquor and beer licenses of fraternal and veterans' organizations as nontransferable and nonassignable. The renewals of the VFW's pre-1947 liquor and beer licenses were so endorsed.

In 1974, the VFW experienced financial difficulties which ultimately resulted in the sale of its premises located on Lewis Avenue in Billings. According to the VFW, it never considered selling its liquor and beer licenses due to the nontransferability and nonassignability endorsements on the licenses; instead, it allowed the licenses to lapse.

The VFW subsequently reopened in a different Billings location. In 1979, five years after allowing its pre-1947 licenses to lapse, the VFW applied for and received its

present nontransferable and nonassignable all-beverage liquor license under the statutory exemption from the quota system for beer and liquor licenses.

In 1991, this Court concluded that liquor and beer licenses issued prior to 1947 were not subject to the quota system limitations enacted in 1947 and, therefore, that those licenses remained transferable and assignable.  As a result, we held that the legislature's 1949 restrictions on the transfer and assignment of licenses issued to fraternal and veterans' organizations did not apply to the Helena Eagles Club's pre-1947 beer license.  See Helena Aerie No. 16 v. Mont. D. of Rev. (1991), 251 Mont. 77, 82, 822 P.2d 1057, 1060.

According to the VFW, it accepted an offer to buy its lapsed pre-1947 licenses for $165,000 shortly after Helena Aerie.  The VFW contacted the Department and was informed that its pre-1947 licenses were not governed by Helena Aerie because they had been allowed to lapse.  On June 27, 1994, the VFW demanded that the Department issue its 1994-1995 all-beverage liquor license as a "quota all beverage license," stating that the Department's failure to do so would result in the VFW losing approximately $250,000.  The Department refused on the basis that the VFW's all-beverage license was a nontransferable and nonassignable veterans' organization license under 16-4-201 (4), MCA.  On June 30, 1994, the VFW filed a declaratory judgment action against the Department requesting the District Court to declare that the VFW's current all-beverage liquor license is a transferable and assignable quota license and that the VFW is entitled to reinstatement of its lapsed liquor and beer licenses.

The VFW and the Department subsequently filed cross-motions for summary judgment in which each party agreed that the material facts were undisputed.  The District Court determined that the Department was entitled to judgment as a matter of law, granted the Department's motion for summary judgment and denied the VFW's motion for summary judgment.  The VFW appeals.

## STANDARD OF REVIEW

Summary judgment is proper where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Rule 56(c), M.R.Civ. P.  We review a district court's grant of summary judgment de novo, applying the same Rule 56(c), M.R.Civ.P., criteria used by that court.  Matter of Estate of Lien (1995), 270 Mont. 295, 298, 892 P.2d 530, 532 (citation omitted).  Ordinarily, such a review requires that we first determine whether the moving party met its burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law.  Jarrett v. Valley Park, Inc. (1996), 277 Mont. 333, 338, 922 P.2d 485, 487.

In this case, however, the parties agree that there are no disputed issues of

material fact. Thus, our review is limited to whether the District Court properly concluded that the Department is entitled to judgment as a matter of law. We review a district court's conclusion of law to determine whether the interpretation of the law is correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citation omitted).

## DISCUSSION

1. Did the District Court err in concluding that the Department was not equitably estopped from refusing to classify the VFW's current all-beverage license as transferable and assignable and reissue the VFW's lapsed liquor and beer licenses?

The VFW contended in the District Court--and contends on appeal--that the Department misrepresented the transferability and assignability status of its pre-1947 liquor and beer licenses and that it relied on that misrepresentation to its detriment in allowing the licenses to lapse in 1974. As a result, according to the VFW, the Department should be equitably estopped from denying that its current all-beverage license is a transferable and assignable quota license and from refusing to reissue its lapsed licenses. The Department responds that, prior to Helena Aerie in 1991, it neither knew nor could have known, that its interpretation regarding the liquor license quota law was erroneous and that the VFW's pre-1947 licenses were transferable and assignable. The District Court concluded that the doctrine of equitable estoppel does not apply in this case. We agree.

Equitable estoppel has long been recognized in Montana and is invoked to promote justice, honesty and fair dealing; the purpose of the doctrine of equitable estoppel is to prevent a party from taking unconscionable advantage of his or her wrong while asserting a strict legal right. In re Marriage of K.E.V. (1994), 267 Mont. 323, 331, 883 P.2d 1246, 1251 (citation omitted). The six elements of equitable estoppel are:

1. the existence of conduct, acts, language, or silence amounting to a representation or a concealment of a material fact;

2. these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him;

3. the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him;

4. the conduct must be done with the intention, or at least the expectation, that it will be acted upon by the other party, or under circumstances both natural and probable that it will be so acted upon;

5. the conduct must be relied upon by the other party and, thus relying, he must be led to act upon it; and

      6.   he must in fact act upon it in such a manner as to change his position for the worse.

Elk Park Ranch, Inc. v. Park County (Mont. 1997), 935 P.2d 1131, 1137-38, 54 St.Rep. 293, 297-98 (citations omitted).  All six elements must be established before the doctrine can be invoked.  Elk Park Ranch, 935 P.2d at 1138 (citation omitted). Moreover, clear and convincing evidence is necessary to establish equitable estoppel.  Beery v. Grace Drilling (1993), 260 Mont. 157, 163, 859 P.2d 429, 433 (citations omitted).

Here, the VFW has not established the first and second elements of equitable estoppel.  With regard to the first element, equitable estoppel requires a misrepresentation or concealment of a material fact.  Elk Park Ranch, 935 P.2d at 1138 (citations omitted).

The alleged misrepresentation of material fact in the present case is the Department's erroneous endorsement of the VFW's pre-1947 liquor and beer licenses as nontransferable and nonassignable.

As indicated above, we first addressed the status of pre-1947 liquor and beer licenses held by fraternal and veterans' organizations in Helena Aerie.  There, we determined that the Department's classification of the Eagles Club's pre-1947 beer license as nontransferable and nonassignable conflicted with the 1947 quota law providing that such licenses were renewable; as a result, we concluded that the Eagles Club's pre-1947 beer license remained renewable under the 1947 quota law with its original transferability and assignability characteristics.  Helena Aerie, 822 P.2d at 1060.  Thus, pursuant to Helena Aerie, the Department's interpretation of the 1947 quota law and the exemption thereto enacted in 1949 was incorrect.  As a result, it is clear in this case that the Department erroneously classified the VFW's pre-1947 liquor and beer licenses as nontransferable and nonassignable.

We recently clarified, however, that "[b]ecause the imposition of equitable estoppel is premised on a misrepresentation of fact, it is inapplicable when . . . the conduct complained of consists solely of legal representations."  Elk Park Ranch, 935 P.2d at 1138.  Here, the classification of the VFW's lapsed liquor and beer licenses as nontransferable and nonassignable was an erroneous legal interpretation of the 1947 quota law by the Department.  That incorrect classification constitutes a misrepresentation of law; it does not constitute a misrepresentation of fact.  Therefore, the VFW has not established the first element of equitable estoppel, which requires a misrepresentation of fact.

Moreover, the second element of equitable estoppel requires that the party to be estopped have actual or imputed knowledge of the alleged misrepresentation of fact.  Elk

Park Ranch, 935 P.2d at 1137. Here, nothing in the record before us establishes, or even suggests, that the Department's legal misrepresentation regarding the status of the VFW's pre-1947 licenses was knowing. Nor does anything in Helena Aerie suggest that the Department should have known that its legal interpretation was incorrect for purposes of imputing knowledge to the Department and establishing the second element of equitable estoppel.

The VFW relies on Mellum v. Kalispell Laundry (1989), 237 Mont. 439, 774 P.2d 390, in support of its argument that the Department should be charged with imputed knowledge of the transferability and assignability of its lapsed liquor and beer licenses. That reliance is misplaced.

In Mellum, the Workers' Compensation Court dismissed an appeal from a denial of Marie Mellum's occupational disease benefits claim by the Division of Workers' Compensation (Division) on the basis that it did not have jurisdiction to hear the appeal because Mellum failed to request a rehearing with the Division as required by 39-72-612, MCA. Mellum, 774 P.2d at 390-91. On appeal, we observed that Mellum's failure to strictly comply with Montana Occupational Disease Act (MODA) procedures by filing a "Request for Rehearing" was caused by the Division's orders which incorrectly set forth the MODA procedures to be followed by Mellum in pursuing her claim for occupational disease benefits. See Mellum, 774 P.2d at 391. Moreover, the record in Mellum reflected that, while Mellum did not file a document entitled "Request for Rehearing," the Division considered her exceptions to the Division hearing examiner's findings of fact and conclusions of law as a request for rehearing in accordance with 39-72-612, MCA. See Mellum, 774 P.2d at 391-92.

We likened the Division's confusing and inconsistent orders and responses to Mellum's inquiries regarding how to proceed and protect her rights to misstatements by an employer or insurer in the workers' compensation context which prevent a claimant from timely filing a claim or mislead the claimant into believing that no claim can or need be filed; we observed that, under such circumstances, we had applied equitable estoppel to toll the statute of limitations and allow the filing of a claim. Mellum, 774 P.2d at 391-92 (citation omitted). Because a failure to apply equitable estoppel would have permitted the Division's own misstatements to foreclose the availability of any remedy to Mellum, we concluded that knowledge of the proper MODA procedures could be imputed to the Division. Mellum, 774 P.2d at 392.

Mellum does not help the VFW here. First, Mellum predated Elk Park Ranch, and its continued viability in light of that recent case clarifying that legal misrepresentations do not satisfy the first element of equitable estoppel may be called into question in some future case. Second, the present case is distinguishable from

Mellum in that no statement or representation of law or of fact by the Department interfered with legal remedies available to the VFW to challenge the Department's interpretation regarding the nontransferability and nonassignability of the pre-1947 licenses before they were allowed to lapse in 1974. In other words, the VFW could have challenged the Department's legal interpretation at any time after 1949--as the Helena Eagles Club did later in Helena Aerie--and it was not prevented from doing so by the legal "misrepresentation" at issue here.

Finally, the knowledge imputed to the Division in Mellum was of straightforward procedural requirements about which no questions of interpretation were raised. Here, the knowledge the VFW seeks to impute to the Department--namely, that the Department's interpretation of the pre-1947 licenses as nontransferable and nonassignable was erroneous--simply is not established by clear and convincing evidence and, given that a trial court had determined in Helena Aerie that the Department's interpretation was correct, no basis for imputing such knowledge exists in the present case.

All six elements of equitable estoppel must be established before the doctrine can be applied. Elk Park Ranch, 935 P.2d at 1138. Having concluded that the VFW did not establish the first two elements, we hold that the District Court did not err in concluding that the Department is not equitably estopped from refusing to classify the VFW's current all-beverage license as transferable and assignable and reissue the VFW's lapsed liquor and beer licenses.

2. Did the District Court err in refusing to order the Department to classify the VFW's current all-beverage license as transferable and assignable and reissue the VFW's lapsed liquor and beer licenses as a matter of equity?

The VFW contends that the State of Montana, acting through the Department, induced it to allow its pre-1947 liquor and beer licenses to lapse through years of misrepresentation as to the transferability and assignability of those licenses. On that basis, it argues that the District Court should have invoked its equitable powers and restored the VFW to "its status quo position." The District Court concluded that equitable relief was not warranted. We agree.

It is well-settled in Montana that a court may accept jurisdiction in equity only where no statutory or legal remedy is available. See Eagle Watch Inv., Inc. v. Smith (1996), 278 Mont. 187, 192, 924 P.2d 257, 260; Jeffries Coal Co. v. Industrial Accident Bd. (1952), 126 Mont. 411, 413, 252 P.2d 1046, 1047. As Helena Aerie illustrates, however, the VFW had a legal remedy available at all times with regard to the Department's classification of its licenses; it could have brought a declaratory judgment action prior to allowing its pre-1947 licenses to lapse, as did the Helena Eagles Club. See Helena Aerie, 822 P.2d at 1058. That the VFW it did not avail itself of that

remedy
by challenging the Department's interpretation of the 1949 exemption from the quota system for fraternal and veterans' organizations does not negate the existence of the legal remedy. Moreover, here, the VFW filed a declaratory judgment action pursuant to 27-8-202, MCA, seeking its legal remedy thereunder. Had it succeeded in the declaratory judgment action, whatever supplemental relief deemed "necessary or proper" could have been granted. See 27-8-313, MCA. The VFW having initiated an action at law pursuant to Montana statute and under which all appropriate relief was available, the District Court could not properly have accepted jurisdiction in equity in this case.

The VFW contends that the District Court should have accepted jurisdiction in equity pursuant to State ex rel. Barker v. Town of Stevensville (1974), 164 Mont. 375, 523 P.2d 1388. In Barker, however, the facts established the applicability of estoppel. On that basis, we addressed the issue of whether a municipal corporation could be bound by the acts or statements of its agents where third parties relied thereon to their detriment. See Barker, 523 P.2d at 1390-91. Observing that the great weight of authority held that a municipality could not be bound by acts or statements of its agents in excess of their authority, we rejected such a harsh and inflexible rule; instead, we joined other jurisdictions in adopting a qualification to the general rule. We then applied the qualification to the facts before us in order to fashion appropriate relief. Barker, 523 P.2d at 1390-91.

Unlike the situation before us in Barker, we determined above that equitable estoppel is not applicable in the present case because the VFW did not establish the necessary elements. Thus, the premise upon which Barker was decided does not exist here.

Accordingly, we hold that the District Court did not err in refusing to order the Department to classify the VFW's current all-beverage license as transferable and assignable and reissue the VFW's lapsed liquor and beer licenses as a matter of equity. Having concluded above that equitable estoppel is inapplicable here, we further hold that the District Court did not err in concluding that the Department is entitled to judgment as a matter of law.

Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

96-291

/S/   WILLIAM E. HUNT, SR.