No. 99-229

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 58

CITY OF WHITEFISH,

Plaintiff and Respondent,

v.

TROY TOWN PUMP, INC., and WHITEFISH

DEVELOPMENT LIMITED PARTNERSHIP,

d/b/a TOWN PUMP and LUCKY LIL'S CASINO,

and TOWN PUMP OF WHITEFISH, INC.,

Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Daniel D. Johns and Debra D. Parker; Crowley, Haughey, Hanson

& Dietrich, Kalispell, Montana

For Respondent:

John M. Phelps; Hedman, Hileman & Lacosta, Whitefish, Montana

Submitted on Briefs: October 12, 2000
Decided: April 10, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Troy Town Pump, Inc., Whitefish Development Limited Partnership d/b/a Town Pump and Lucky Lil's Casino, and Town Pump of Whitefish, Inc. (collectively, Town Pump) appeal from the judgment of the Eleventh Judicial District Court, Flathead County, in this action by the City of Whitefish for injunctive relief. We affirm.

¶2 We address the following issues:

¶3 1. Did the District Court abuse its discretion in ordering Town Pump to permanently remove neon and flourescent lighting installed in an awning pursuant to a permit issued by the City of Whitefish?

¶4 2. Did the District Court abuse its discretion in retaining jurisdiction to determine whether the awning must be further dismantled after the lights are removed?

¶5 3. Did the District Court err in dismissing Town Pump's counterclaim for damages on the basis it failed to state a claim upon which relief could be granted?

## BACKGROUND

¶6 The City of Whitefish (Whitefish) is a municipality which has adopted a self-government charter as allowed under the laws of the State of Montana. *See* Title 7, Part 3, MCA. Whitefish has also adopted a Master Plan which includes a policy that commercial signs are a blighting factor and that Whitefish sign ordinances are to be strictly enforced. The Whitefish sign ordinance contains strict limits on the size and character of signs.

¶7 Town Pump operates a service station, convenience store, and casino at 6600 Highway

93 South in Whitefish. In 1996, a new exterior, referred to as a fascia, was designed for the Town Pump facilities. The new design included the words "Lucky Lil's Casino," "Win $800," "Poker Casino Keno," and "Town Pump Food Stores" above a raspberry-colored awning. The Whitefish City Manager reviewed and approved blueprints for the design before it was installed, and the Whitefish Building Inspector issued a building permit. At that time, the City Manager believed only the written words, not the entire awning, constituted a sign. The written words, considered alone, complied with Whitefish's ordinance limiting sign size.

¶8 Whitefish Municipal Code § 17.120.040 defines a "sign" as

> [a]ny device, structure, fixture, or placard using graphics, symbols, pictures, emblems, lighting schemes and/or written copy, or any other medium for visual communication, including its supporting structure and source of light, which is intended to be used to attract attention to a location or subject matter, for advertising, instruction, or information purposes, and is viewable from a public right-of-way.

After the new Town Pump fascia was installed and lighted, the Whitefish City Council concluded the entire awning constituted a sign which violated the Whitefish sign ordinance because it was too big. As installed, the awning consists of a band of translucent raspberry-colored material 4 feet 11 inches high which extends the entire length of the front of the building--approximately 162 feet. Four rows of white flourescent light tubes located behind the translucent material extend the entire length of--and shine through--the material, giving it a bright, glowing effect. In addition, four neon lights are placed in front of the translucent material. The neon lights run horizontally the entire length of the front of the building and along approximately 42 feet of the rear of the building.

¶9 Whitefish notified Town Pump of its decision disapproving the new fascia and the Whitefish City Council directed that the lighting be removed. When Town Pump refused, Whitefish filed this action for injunctive relief prohibiting Town Pump from operating the multi-colored neon lighting. Town Pump's answer to the complaint included an affirmative defense that Whitefish's claims are barred under the doctrine of equitable estoppel and, in the alternative, a counterclaim for the costs of remodeling its building.

¶10 During a bench trial, the Whitefish City Manager testified that if he had realized the fascia would be as bright as it was--creating a lighting scheme that dwarfed the lettering

and far exceeded general lighting needs--he would have treated the entire awning as a sign. In that case, a building permit could not have been issued because the awning far exceeded the square footage of sign allowed. The City Manager also opined that the explanatory notes on the blueprint were written in technical, sign company jargon that was difficult for a lay person to understand.

¶11 The District Court found that, in the drawing of the building on the blueprint, the awning appeared to be "merely an exterior surface or siding of the building, and not a part of the sign." Further, "[t]he term 'fascia' used by [Town Pump] in [its] Application [for a building permit] connoted to City officials a portion of the exterior surface of a building, rather than a sign that is brightly lit." The court issued a permanent injunction directing Town Pump to immediately remove all flourescent lights behind the awning, all neon lights located in front of the raspberry translucent fabric, and all neon lights on the rear of its building. It also reserved jurisdiction to determine whether the awning continues to constitute a sign within the meaning of the Whitefish sign ordinance following the removal of the lights, thereby justifying further injunctive relief. In a subsequent order, the District Court granted Whitefish's motion for judgment on the pleadings on Town Pump's counterclaim, determining that the counterclaim fails to state a claim upon which relief may be granted. Town Pump appeals.

## DISCUSSION

¶12 1. Did the District Court abuse its discretion in ordering Town Pump to permanently remove neon and flourescent lighting installed in an awning pursuant to a permit issued by Whitefish?

¶13 We review a trial court's grant of injunctive relief for abuse of discretion. *Jefferson County v. McCauley Ranches*, 1999 MT 333, ¶ 6, 297 Mont. 392, ¶ 6, 994 P.2d 11, *¶ 6, citing Butler v. Germann* (1991), 251 Mont. 107, 114, 822 P.2d 1067, 1072.

¶14 Town Pump's primary argument under this issue is that its affirmative defense under the doctrine of equitable estoppel precludes Whitefish's claims. In other words, Town Pump argues Whitefish should have been precluded from invoking its sign ordinance after its earlier approval of the Town Pump building plans.

¶15 The elements of equitable estoppel are: (1) conduct, acts, language or silence amounting to a representation or a concealment of a material fact; (2) the facts must be

known to the party to be estopped at the time of that party's conduct, or at least the circumstances must be such that knowledge of the facts is necessarily imputed to that party; (3) the truth must be unknown to the other party at the time the representation was acted upon; (4) the representation must be made with the intent or expectation that it will be acted on by the other party; (5) the representation must be relied upon by the other party, leading that party to act upon it; and (6) the other party must in fact rely on the representation so as to change its position for the worse. *Billings Post No. 1634 v. Dept. of Revenue* (1997), 284 Mont. 84, 90, 943 P.2d 517, 520 (citation omitted). All six elements of equitable estoppel must be established, and by clear and convincing evidence. *Billings Post,* 284 Mont. at 90, 943 P.2d at 520 (citation omitted).

¶16 As to the first element, Town Pump contends Whitefish's issuance of the permit to complete the building was an act constituting a representation of a material fact. We disagree.

¶17 In *Elk Park Ranch, Inc. v. Park County* (1997), 282 Mont. 154, 935 P.2d 1131, Elk Park Ranch, Inc. (Elk Park) claimed Park County was equitably estopped from refusing to accept its deeds of conveyance for twenty-acre tracts purportedly created by one-party deeds. The basis for the estoppel claim was that the Park County Attorney previously had represented to Elk Park that the documents were legal documents and could be recorded. This Court held on appeal that equitable estoppel is inapplicable when the conduct complained of consists solely of legal representations; if the representation is a mistake of law, the first element of the test is not met. We reasoned that, while Park County's initial legal opinion that the deeds were valid may have constituted an inadvertent misrepresentation of the law, it did not constitute a misrepresentation of fact. *Elk Park*, 282 Mont. at 166, 935 P.2d at 1138.

¶18 Similarly, in *Billings Post*, a claim of equitable estoppel failed because the misrepresentation alleged was one of law, not one of fact. In that case, the Department of Revenue (DOR) had historically represented to the Billings Veterans of Foreign Wars Post (Billings Post) that its pre-1947 liquor and beer licenses were nontransferable and nonassignable, leading the Billings Post to allow those licenses to lapse in 1974. However, after this Court clarified in *Helena Aerie No. 16, F.O.E. v. Dept. of Revenue* (1991), 251 Mont. 77, 822 P.2d 1057, that pre-1947 beer and liquor licenses remained transferable and assignable, the Billings Post argued that the DOR should be estopped from refusing to reissue its lapsed licenses. This Court affirmed a district court decision that the doctrine of equitable estoppel did not apply, in part because the incorrect classification of the Billings

Post's licenses as nontransferable and nonassignable was an erroneous legal interpretation, not a misrepresentation of fact. *Billings Post*, 284 Mont. at 91, 943 P.2d at 521.

¶19 The same reasoning applies in the present case. The broad definition of "sign" in Whitefish's ordinance clearly is intended to include not only a traditional sign, but any embellishments intended to draw attention to a traditional sign, or to the business location itself. The District Court found that in actuality the brightly lit awning, located immediately beneath the lettering that advertises the Town Pump, was clearly designed to attract attention to the lettering and to the building. The original approval of Town Pump's building plan was based on an incorrect conclusion that Town Pump's proposed fascia did not constitute a sign under Whitefish's ordinances--it was a misrepresentation of law, not a misrepresentation of fact. Therefore, Town Pump has not established the first element of equitable estoppel, which requires a representation of fact, not law.

¶20 The District Court determined Town Pump failed to establish the first three elements of equitable estoppel. As a result, it determined Whitefish could not be estopped from enforcing its sign ordinance. However, the failure on the part of Town Pump to establish even one element of equitable estoppel by clear and convincing evidence dooms that defense. *See Billings Post*, 284 Mont. at 90, 943 P.2d at 520. Because we have determined that the District Court was correct in ruling that Town Pump failed to establish the first element, Town Pump's equitable estoppel defense to Whitefish's request for an injunction fails.

¶21 Town Pump also argues that because this was a mandatory injunction requiring it to take the affirmative act of tearing out the lighting from its awning, and because mandatory injunctions are not favored and are inappropriate absent a showing of irreparable injury, the trial court abused its discretion in granting Whitefish's request for an injunction. Town Pump advances no authorities, however, to show Montana has differentiated the standard of review for mandatory injunctions from that for any other injunction. In fact, the only relevant statement by this Court which we have located is a quotation with approval of California law in *Grosfield v. Johnson* (1935), 98 Mont. 412, 421, 39 P.2d 660, 664 (citation omitted), wherein it was stated, in part, "[t]he principles upon which mandatory and prohibitory injunctions are granted do not materially differ."

¶22 Whitefish's broad definition of the term "sign" is clearly intended to include not only traditional signs, but also any embellishments intended to draw attention to a traditional sign, or to the business location itself. The bright multi-colored lighting on the Town

Pump building had the admitted purpose of drawing attention to the building. We hold the District Court did not abuse its discretion in ordering Town Pump to permanently remove the neon and flourescent lighting installed in its store awning.

¶23. Did the District Court abuse its discretion in retaining jurisdiction to determine whether the awning must be further dismantled after the lights are removed?

¶24 At the end of its findings, conclusions and order, the District Court "reserved" jurisdiction

> to further determine whether the structure as it exists following the removal of said lights continues to constitute a "sign" within the meaning of the Whitefish sign ordinance such that further provisions of this injunction concerning the raspberry flex film are appropriate.

Town Pump maintains that, in retaining jurisdiction, the District Court failed to limit itself to the relief requested by Whitefish. We disagree.

¶25 Whitefish's complaint specifically requested preliminary and permanent injunctions prohibiting Town Pump from using the lighting on its building. In addition, the complaint contained a final request for "such other and further relief as may be equitable."

¶26 Moreover, in its proposed findings, conclusions and order, Whitefish proposed Town Pump be ordered

> to immediately remove all of the hot pink (or raspberry) translucent fabric (the flex film background) that covers the exterior surface of the fascia, to remove all of the fluorescent lights which are currently located behind the fascia, and to remove all of the neon lights that are located in front of the hot pink (or raspberry) translucent fabric, and to remove all of the neon lights on the west side of Defendants' building [.]

As a result, Whitefish's proposed findings, conclusions and order also clearly asked for relief in addition to removal of the lights.

¶27 Whitefish's prayer for "such other and further relief" in its complaint, together with its proposed findings and conclusions, amount to a broad request for relief. As Town Pump itself correctly argues in Issue 3, a court sitting in equity is empowered to grant all relief

necessary to the entire adjustment of the subject matter of the litigation. *See Trustees of Washington-Idaho-Montana Carpenters-Employers Retirement Trust Fund v. Galleria Partnership* (1989), 239 Mont. 250, 265, 780 P.2d 608, 617 (citations omitted). By retaining jurisdiction to ensure that complete relief could be accomplished within one judicial proceeding, the District Court exercised its discretion in a manner which allows it to grant all relief necessary to the entire adjustment of the subject matter of this litigation.

¶28 We hold the District Court did not abuse its discretion in retaining jurisdiction to allow Whitefish to come back after the lights are removed and demand an order requiring Town Pump to further dismantle the awning.

¶29 3. Did the District Court err in dismissing Town Pump's counterclaim for damages on the basis it failed to state a claim upon which relief could be granted?

¶30 As noted above, Town Pump filed a counterclaim alleging it had relied upon Whitefish's representations in constructing and installing the neon lighting and requesting damages if a permanent injunction were granted. The District Court determined that no claim separate from equitable estoppel had been established to support the counterclaim.

¶31 Town Pump argues on appeal that if any part of the order for injunctive relief is affirmed, it must receive an equitable award of damages for the costs of dismantling and repairing its awning. In so arguing, it relies on *Town of Boulder v. Bullock* (1981), 193 Mont. 493, 632 P.2d 716, but *Town of Boulder* does not support Town Pump's position.

¶32 In *Town of Boulder,* Bullock obtained a building permit from the Town of Boulder to construct a home and office. The Town of Boulder later sued to enjoin and remove, having determined the proposed construction, which had been started by that time, would encroach upon a dedicated street. Bullock answered and filed a counterclaim for damages, part of which were associated with removing the construction already completed. The district court refused the Town of Boulder's requested relief and dismissed Bullock's claim for removal damages. *Town of Boulder*, 193 Mont. at 495-98, 632 P.2d at 718-19.

¶33 On appeal, this Court upheld the district court's rulings and determined the Town of Boulder was estopped from revoking the already-issued building permit. *Bullock*, 193 Mont. at 500, 632 P.2d at 720. Thus, Bullock prevailed on his estoppel claim in that case, unlike Town Pump in the present case.

¶34 Town Pump concedes that we did not authorize damages in *Town of Boulder*. Town Pump attributes this to the fact that the Town of Boulder did not prevail on its claim for injunctive relief. Nevertheless, the fact is that Town Pump has advanced no authority under which equitable "removal damages" have been awarded where an equitable estoppel defense to the injunctive relief has been successful, much less where--as here--the defense has failed.

¶35 While it is true that a court sitting in equity is empowered to grant all relief necessary to the entire adjustment of the subject matter of the litigation--the general proposition for which Town Pump cites *Galleria*, 239 Mont. at 265, 780 P.2d at 617--that rule of law does not aid Town Pump's argument here. In order for Whitefish to obtain a permanent injunction, it first had to overcome Town Pump's counterclaim that it was equitably estopped from doing so. Whitefish has defeated that counterclaim. Absent a legal theory on which to base damages, Whitefish cannot be held responsible for damages. We hold that the District Court did not err in dismissing Town Pump's counterclaim for damages on the basis it failed to state a claim upon which relief could be granted.

¶36 Affirmed.

/S/ KARLA M. GRAY

We Concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON