# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAISY TRUST,
Appellant,
vs.
CITIMORTGAGE, INC.,
Respondent.

No. 72121

**FILED**

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title.[1] Eighth Judicial District Court, Clark County; Jack B. Ames, Senior Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and reverse and remand.[2]

The district court granted summary judgment for respondent CitiMortgage after concluding that the price appellant Daisy Trust paid for the property was grossly inadequate as a matter of law. CitiMortgage acknowledges that was a legally erroneous conclusion in light of this court's decision in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We reject CitiMortgage's argument that this court lacks jurisdiction over this appeal, as CitiMortgage has provided no authority to support its position that appellant Daisy Trust needed to repay *CitiMortgage's* filing fees in order to dismiss Daisy Trust's claims against the *former homeowner*.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-18489

Nevertheless, CitiMortgage contends that we can still affirm the summary judgment because it presented evidence of fraud, unfairness, or oppression. *See id.* at 648 (recognizing that a low sales price, combined with evidence of fraud, unfairness, or oppression, may be sufficient to set aside a foreclosure sale). We disagree.

CitiMortgage first contends that a "restrictive covenant" in the HOA's CC&Rs represented that the foreclosure sale would not extinguish CitiMortgage's deed of trust, thereby presumably leading to chilled bidding at the foreclosure sale. We disagree with CitiMortgage's position, as the identified restrictive covenant gives no indication that the HOA's foreclosure sale would not extinguish CitiMortgage's deed of trust.[3] *See Diaz v. Ferne*, 120 Nev. 70, 73, 84 P.3d 664, 666 (2004) (observing that this court reviews de novo the interpretation of a restrictive covenant in CC&Rs). Rather, the restrictive covenant states that "no amendment or violation of this Declaration shall operate to defeat or render invalid the rights of the Beneficiary under any deed of trust." CitiMortgage has not explained how this language would have led either CitiMortgage or prospective bidders to believe that the HOA's foreclosure sale would be a subpriority-only sale, nor is any explanation self-evident. Accordingly, the existence of this restrictive covenant in the HOA's CC&Rs was not evidence of fraud, unfairness, or oppression.

CitiMortgage also argues that fraud, unfairness, or oppression exists because (1) the foreclosure sale did not occur on the date listed on the

---

[3]For this reason and others, *ZYZZX2 v. Dizon*, No. 2:13-cv-1307, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2016), is distinguishable.

notice of sale, and (2) the foreclosure notices did not delineate the superpriority lien amount. Even if these arguments had been properly preserved for appeal, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), they are not evidence of fraud, unfairness, or oppression. With respect to the foreclosure sale not occurring on the date listed on the notice of sale, the portions of the record relied on by CitiMortgage confirm that the sale *did* occur on the date listed on the notice of sale. With respect to the foreclosure notices not delineating the superpriority lien amount, the applicable provisions of NRS Chapter 116 did not require the foreclosure notices to contain such information. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014) (observing that it was "appropriate" for the notices to state the total lien amount because they are sent to the homeowner and other junior lienholders). More importantly, and to the extent that CitiMortgage's arguments accurately characterize the evidence in the record, CitiMortgage did not introduce evidence showing that it was somehow misled or prejudiced by either of the two above-mentioned issues.

Accordingly, absent evidence of fraud, unfairness, or oppression, there were no equitable grounds to set aside the otherwise regularly conducted foreclosure sale.[4] *Nationstar*, 133 Nev., Adv. Op. 91, 405 P.3d at 647-49. The district court therefore erred in granting CitiMortgage's motion for summary judgment. *Wood*, 121 Nev. at 729, 121

---

[4]We therefore need not consider the parties' arguments regarding whether Daisy Trust was a bona fide purchaser.

P.3d at 1029. In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chief Judge, Eighth Judicial District Court
      Hon. Jack B. Ames, Senior Judge
      Law Offices of Michael F. Bohn, Ltd.
      Akerman LLP/Las Vegas
      Eighth District Court Clerk